# Exhibit A





































# Exhibit B





2215 N. Broadway
Los Angeles, CA 90031
(213) 252-2824 –
Heber.Jurado@lacity.org

March 10, 2020
Case Number: 757357
APN: 4243002065

Property Owner:    Posting
Mailing Address:

                   ,

In Addition Notify:
Mailing Address:

## NOTICE AND ORDER TO COMPLY

Sections 161.702 and 161.354, Los Angeles Municipal Code
Sections 17980 and 17980.6, California Health and Safety Code

Our records indicate you are the owner of the property located at **1169 E PALMS BLVD** . An inspection of the premises has revealed conditions that affect the health and safety of the occupants and cause the building to be determined to be in violation of the City of Los Angeles Municipal Code. These conditions, their location on the premises, and the specific violation(s) of the Los Angeles Municipal Code (LAMC) and or California Health and Safety Code are described on the attached pages.

You, as the property owner, or responsible party, are ordered to eliminate all of the described conditions and diligently pursue the work necessary to eliminate any violations of the LAMC and Health and Safety Code on or before **4/16/2020**.

Some of the work required to repair the building may require that you obtain a permit and request related inspections from the Department of Building and Safety. We strongly urge you to seek the services of qualified installers, properly licensed by the State Contractors License Board.

A re-inspection of the premises will be conducted on **Thursday, April 23, 2020** between **1:45 PM** and **3:45 PM**. You or your representative must be present to escort the Housing Inspector. Any and all units are subject to re-inspection and require the same uniform compliance throughout the premises. You must provide notice to all affected tenants not less than 24 hours prior to the scheduled inspection. The entire premises must be in full compliance with the Los Angeles Municipal Code. Any questions you have may be directed to the office identified at the top of this notice. *Si tiene preguntas, favor de llamar al número que se encuentra al principio de esta notificación.*

Issuing Inspector: Andres Moran

Proof of Mailing -- On 3/10/2020 the undersigned mailed this notice by First-Class Mail, postage prepaid, to the person(s) listed on the last equalized assessment roll.

Form/NOC/06/05                                                            APN: 4243002065

## FIRE SAFETY

Failure to provide and maintain the required permanently wired, with battery back-up, smoke detectors at all sleeping rooms, and areas adjacent to sleeping rooms. Sections 91.8603, 91.8104 of the L.A.M.C.
Violation Severity Level: HIGH

    1809 S PENMAR AVE
    LIVING ROOM, Note: Battery

## MAINTENANCE

Failure to maintain plaster/drywall walls/ceilings in a smooth and sanitary condition. Sections 91.2.401.6, 91.8104.4 of the L.A.M.C.
Violation Severity Level: LOW

    1809 S PENMAR AVE
    LIVING ROOM, Note: Repair any holes cracks, or peeling paint as necessary-(including but not limited to--ceiling)

    1809 S PENMAR AVE
    BEDROOM1, Note: Repair any holes cracks, or peeling paint as necessary (entire bedroom)

## HEATING AND VENTILATION

Failure to provide and maintain the required central or individual room heating appliance in good repair and operable at all times. Sections 91.8104.11, 91.8111 of the L.A.M.C.
Violation Severity Level: MEDIUM

    1809 S PENMAR AVE
    LIVING ROOM, Note: Inoperable

## SANITATION

Failure to provide and/or maintain the required foundation vent or under floor access screens. Section 91.8104 of the L.A.M.C.
EXTERIOR, Note: Under tankless heater--open vents
    1809 S PENMAR AVE

## PLUMBING

Failure to maintain the plumbing system in conformity with the code regulations and department approvals in effect at the time of construction. Sections 91.8104, 94.103.1.1 of the L.A.M.C.
EXTERIOR, Permit Required, , Note: Tankless water heater. Obtain permits and approvals from LADBS Dept. for installation of a tankless water heater located on the exterior (SE) corner
    1809 S PENMAR AVE

**Inspector Name**   Andres Moran
**Office Location**   2215 N. Broadway

Los Angeles, CA 90031
**Survey Date**   3/3/2020

**WHERE INDICATED ABOVE, PLANS AND/OR A BUILDING PERMIT FROM THE DEPARTMENT OF BUILDING AND SAFETY IS REQUIRED TO BE OBTAINED BEFORE REPAIR OR DEMOLITION WORK IS STARTED.**

**For consultation regarding this notice, or for information regarding obtaining Permits, the inspector whose name appears on this Notice may be contacted by telephone between the hours of 7:30 and 9:00 a.m., Monday through Friday.**

**YOU MAY BE SCHEDULED FOR A GENERAL MANAGER'S HEARING, AND A LIEN MAY BE RECORDED AGAINST YOUR PROPERTY FOR ALL ADMINISTRATIVE AND INSPECTION COSTS ASSOCIATED WITH YOUR FAILURE TO COMPLY WITH THIS ORDER.**

**PRE-COMPLIANCE JUDICIAL REVIEW AND RIGHT TO REFUSE ENTRY:**

You have a right to seek pre-compliance judicial review without threat of imposition of any fine or penalty and/or refuse entry into the premises for the inspection in absence of an inspection warrant issued by a judge. Refer to the LAMC Section 161.601 for more information. A copy of the LAMC may be obtained from a public library or by visiting the following website: https://www.lacity.org/your-government/government-information/city-charter-rules-and-codes

**FAILURE TO COMPLY WARNING:**

You may be schedule for a General Manager's hearing and a lien may be recorded on this property for all administrative and inspection costs associated with your failure to comply with this notice order. This matter may be referred to the City Attorney for further enforcement. Any person who violates or causes or permits another person to violate any provision of the Los Angeles Municipal Code is guilty of a misdemeanor, which is punishable by a fine of not more than 1,000.00 and/ or six months imprisonment per LAMC section 11.00 (m).

**LEAD HAZARD WARNING:**

Due to the possible presence of lead-based paint, lead safe work practice are required on all repairs in pre-1979 buildings that disturb paint. Failure to do so could create lead hazards that violate California Health and Safety Code Sections 17920.10 and 105256 and you may be subject to a 1,000.00 fine or criminal prosecution. For more information, visit the California Department of Public Health website at: https://www.cdph.ca.gov/Programs/CCDPH/DEODC/CLPPB/Pages/LRCRegs.aspx.

**TAX WARNING (APPLICABLE WHEN PROPERTY IS DETERMINED SUSBSTANDARD):**

When a property is determine to be a substandard property pursuant to Section 24436.5 of the California Revenue and Taxation Code, the following apply: A taxpayer who derives rental income from housing determined by the local regulatory agency to be substandard by reason of violation of state and local codes dealing with health, safety or building, cannot deduct from state personal income tax and corporate income tax, deductions for interest, depreciation, or taxes attributable to such substandard structure where the substandard conditions are not corrected within six (6) months after notice of violation by the regulatory agency. Please note that the Compliance Date of this order marks the beginning of the six (6) month period. The department is required by law to notify the State Franchise Tax Board of failure to comply with these codes.

**SUBSTANDARD RECORDING (APPLICABLE WHEN PROPERTY IS DETERMINED SUSBSTANDARD):**

When building or portion thereof is determined to be a substandard as defined under Section 17920.3 of the California Health and Safety Code, a Notice of Non Compliance is recorded at the Los Angeles County Recorder's Office The Department may charge the property owner for any cost involved in recording the notice. (Health and Safety Code section 17985).

**RENT ESCROW ACCOUNT PROGRAM (REAP) NOTICE:**

Failure to correct the conditions that constitute the violations specified by this notice may subject this property and units to inclusion in the City of Los Angeles Rent Escrow Account Program (REAP). Inclusion in REAP entails a rent reduction based on the level of severity of the uncorrected conditions, and allows the tenant to pay the reduced rent to the City instead of th4e landlord. (Section 162.00. et. Seq. LAMC).

**RETALIATION:**

No lessor may retaliate against a lessee because if his compliant to an appropriate agency as to the tenantability of a dwelling pursuant to Section 1942.5 pf the Civil Code.

**INSPECTION AND PENALTY FEES:**

If the conditions found during a Systematic Code Enforcement Program (SCEP)-periodic inspection remain uncorrected after the first re-inspection, Los Angeles Municipal Code Sections 161.901.1 and 161.901.2 requires that the Department cost of all subsequent re-inspections be billed to the property owner. All Complaint-based inspections where an order is issued will be billed to the property owner.

A late charge equal to two times the fee or cost and a collection fee equal to 50 percent of the original fee or cost shall be imposed if any fees or costs imposed are not paid within 30 days of service of notice of the imposition of the fee or cost or, if timely appealed, of any decision on the appeal.

Any person who fails to pay the assessment fee of cost, penalty, or collection fee shall also pay interest at the rate of one percent per month, or fraction thereof, on the amount of the fee or cost, penalty and collection fee imposed, from the 60th day following the date the billing notice was mailed. (Sections 161.901, et seq.)

**APPEALS:**

There is an appeal procedure established in this city whereby the Housing and Community Investment Department have the authority to hear and decide appeal of inspection fee and zoning order, upon payment of $128 appeal processing fee (See Sections 161.1002 and 161.1003 of the Los Angeles Municipal Code).

In addition, the Housing Appeals Board have the authority to hear and decide appeal of an order concerning the maintenance, sanitation, ventilation, use, occupancy or habitability of residential rental properties, buildings, units, structures, or common areas falling within the scope of the Los Angeles Housing Code, upon payment of $150 appeal processing fee. (See Section 161.1004 of the Los Angeles Municipal Code).

To obtain a copy of appeal form, visit any of the Department's public counter or https://hcidla.lacity.org/Inspections-and-Fees.

To obtain more information on how/when to file appeal refer to Division 10 of Article I of Chapter XVI of the Los Angeles Municipal Code, a copy of which may be accessed at the following link: http://library.amlegal.com/nxt/gateway.dll/California/lamc/municipalcode/chapterxvihousingregulations?f=templates$fn=default.htm$3.0$vid=amlegal:losangeles_ca_mc$anc=JD_C16A1D10.

**PROPERTY MANAGEMENT TRAINING PROGRAM (PMTP):**

When a property owner has failed to comply with a notice or order within 45 days or less of the specified compliance date, the owner is required to pay a $225.00 registration fee and attend PMTP training sessions. The registration fee must be paid directly to the approved training agency. Failure to comply may result in the imposition of a criminal infraction, punishable by a fine of $225.00. (Section 154.02, et seq. LAMC.)

**HISTORICAL PRESERVATION:**

Your property might be located within a Historical Preservation Overlay Zone, or may otherwise be determined historically significant. The scope work required to correct conditions that constitute violations specified in this notice may require advanced approval from the appropriate regulatory agency.

**RELOCATION INFORMATION:**

Any tenant who is displaced or subject to displacement from a residential rental unit as a result of a Notice to Vacate or any order requiring the vacation of the unit by the Enforcement Agency, shall be entitled to relocation benefits payable by the landlord to the tenant in each unit in the amounts prescribed in Section 163.05 L.A.M.C. Furthermore if the landlord fails, neglects, or refuses to pay relocation payments, the City may advance relocation payments to the affected tenant(s). Recovery of the relocation payments plus a penalty of 50% will be assessed against the property in the form of a lien as per California Health and Safety Code Section 17975.5.

**COMPLIANCE:**

A property owner has complied with this Notice/Order when an inspector from the Los Angeles Housing and Community Investment Department have verified the abatement of the cited violations in conformity with requirement of the Los Angeles Municipal Code.

# Housing and Community Investment Department
## Inspection Report

Inspection Date and Time: 4/23/2020 1:45:00 PM          APN: 4243002065
Address:1169 E PALMS BLVD                                Case# 757357
Inspector Name:Andres Moran

For a more detailed explanation of the Violation Severity Level, please refer to the attached Severity Level Basis document.

| Unit Address | Area | Violation | Permit | Inspector's Note | Violation Severity Level |
|---|---|---|---|---|---|
| 1809 S PENMAR AVE | LIVING ROOM | SMOKE DETECTORS | | Battery | HIGH |
| | LIVING ROOM | HEATING APPLIANCE | | Inoperable | MEDIUM |
| | EXTERIOR | FOUNDATION VENTS | | Under tankless heater--open vents | LOW |
| | LIVING ROOM | INTER-WALLS/CEILING | | Repair any holes cracks, or peeling paint as necessary- (including but not limited to-- ceiling) | LOW |
| | BEDROOM1 | INTER-WALLS/CEILING | | Repair any holes cracks, or peeling paint as necessary (entire bedroom) | LOW |
| | EXTERIOR | GENERAL PLUMBING | Required | Tankless water heater. Obtain permits and approvals from LADBS Dept. for installation of a tankless water heater located on the exterior (SE) corner | Not Assigned |

Rev:5/2014

# Housing and Community Investment Department
# Severity Level Basis

Each outstanding Code violation cited at the subject property is assigned a severity level. The basis for the assigned severity levels can be seen below.

| Violation | Violation Description | Basis for Severity Level | Severity Level |
|---|---|---|---|
| SMOKE DETECTORS | Smoke Detector(s) missing, defective, or not hard wired | Missing or improperly maintained fire warning devices is a life-threatening violation that increases the risk of harm, injury, or death to residents in a building. | HIGH |
| HEATING APPLIANCE | Room heating appliance missing or defective | Failure to provide or maintain room heating reduces the habitability of a dwelling unit per Section 1941.1.a.4 of the California Civil Code. A lack of comfort heat may affect the health of the occupants, but it is unlikely to be life-threatening. | MEDIUM |
| FOUNDATION VENTS | Foundation vents screens or underfloor access cover missing/broken | Foundation vents helps remove moisture that can lead to damp rot and eventually costly damage. It also prevents intrusion of rodents and other similar animals underneath a structure. This violation does not create any spontaneous imminent hazard to occupants. Effects are long term. Hence it is assigned a Low severity level | LOW |
| INTER-WALLS/CEILING | Plaster/drywall wall/ceiling covering defective, deteriorated, or paint is peeling | Defective wall/ceiling covering creates a minimally untenantable situation and could diminish weather protection. Although this type of violation reduces habitability and may cause injury, it is unlikely to be life-threatening. | LOW |

Rev:5/2014

# Exhibit C

Electronically FILED by Superior Court of California, County of Los Angeles on 12/24/2020 02:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Guadian,Deputy Clerk
20SMUD00935

| | **SUM-130** |
|---|---|
| **SUMMONS**<br>*(CITACIÓN JUDICIAL)*<br>**UNLAWFUL DETAINER—EVICTION**<br>*(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)* | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Victorio Campos; DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

1169 Palms LLC

| | |
|---|---|
| NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. | *¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.* |
| A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. | *Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (*www.lawhelpca.org*), the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), or by contacting your local court or county bar association. | *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.* |
| **FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | ***EXENCIÓN DE CUOTAS:*** *Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.* |

1.  The name and address of the court is:
    *(El nombre y dirección de la corte es):*

    Santa Monica Courthouse, 1725 Main Street, Santa Monica, CA 90401

    | CASE NUMBER *(número del caso):* |
    |---|
    | 20SMUD00935 |

2.  The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
    Rosario Perry; Rosario Perry, A Professional Law Corporation, 312 Pico Blvd., Santa Monica CA 90405, 310-394-0831,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. September 1, 2019]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
*www.courts.ca.gov*

**SUM-130**

| | |
|---|---|
| PLAINTIFF (Name):1169 Palms LLC | CASE NUMBER: |
| DEFENDANT (Name): Victorio Campos; DOES 1 to 10 | 20SMUD00935 |

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415) [ x ] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date)* :

Sherri R. Carter Executive Officer / Clerk of Court

| | | |
|---|---|---|
| Date:<br>*(Fecha)*  12/24/2020 | Clerk, by<br>*(Secretario)*  M. Guadian | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (form POS-010).)*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ x ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant.
   d. [ ] on behalf of *(specify):*
     under: [ ] CCP 416.10 (corporation).    [ ] CCP 416.60 (minor),
            [ ] CCP 416.20 (defunct corporation).  [ ] CCP 416.70 (conservatee).
            [ ] CCP 416.40 (association or partnership).  [ ] CCP 416.90 (authorized person).
            [ ] CCP 415.46 (occupant).      [ ] other *(specify):*
   e. [ ] by personal delivery on *(date):* JAN 03 2021

privacy, please press the Clear This Form button after y[ ]   [ Print this form ]  [ Save this form ]   [ Clear this form ]

20SMUD00935

Electronically FILED by Superior Court of California, County of Los Angeles on 12/04/2020 02:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Guadian, Deputy Clerk
Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: Lisa Sepe-Wiesenfeld

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Rosario Perry, A Professional Law Corporation<br>Rosario Perry, SBN 55061; Vano D. Abesadze, SBN 316489<br>312 Pico Blvd., Santa Monica, CA 90405<br><br>TELEPHONE NO.: 310-394-9831    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): rosario@oceanlaw.com<br>ATTORNEY FOR (Name): 1169 Palms LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica 90401
BRANCH NAME: West District

PLAINTIFF: 1169 Palms LLC

DEFENDANT: Victorio Campos

[✓] DOES 1 TO 10

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [✓] COMPLAINT  [ ] AMENDED COMPLAINT (Amendment Number): _____ | 20SMUD00935 |

**Jurisdiction** (check all that apply):
[✓] ACTION IS A LIMITED CIVIL CASE
Amount demanded [✓] does not exceed $10,000
[ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
[ ] from unlawful detainer to general unlimited civil (possession not in issue)      [ ] from limited to unlimited
[ ] from unlawful detainer to general limited civil (possession not in issue)       [ ] from unlimited to limited

1. PLAINTIFF (name each):
   1169 Palms LLC

   alleges causes of action against DEFENDANT (name each):
   Victorio Campos

2. a. Plaintiff is   (1) [ ] an individual over the age of 18 years.   (4) [ ] a partnership.
                      (2) [ ] a public agency.                          (5) [ ] a corporation.
                      (3) [✓] other (specify): Limited Liability Company

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   1809 Penmar Avenue, Venice, CA 90291

4. Plaintiff's interest in the premises is [✓] as owner   [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about (date): 7-01-1998          defendant (name each):

                                                            Victorio Campos

   (1) agreed to rent the premises as a [✓] month-to-month tenancy  [ ] other tenancy (specify):
   (2) agreed to pay rent of $ 700        payable [✓] monthly  [ ] other (specify frequency):
   (3) agreed to pay rent on the [✓] first of the month  [ ] other day (specify):
   b. This [✓] written  [ ] oral  agreement was made with
   (1) [ ] plaintiff.              (3) [✓] plaintiff's predecessor in interest.
   (2) [ ] plaintiff's agent.      (4) [ ] other (specify):

* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Page 1 of 3

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

| PLAINTIFF *(Name):* 1169 Palms LLC | CASE NUMBER: |
|---|---|
| DEFENDANT*(Name):* Victorio Campos | |

8. c. ☑ The defendants not named in item 6a are
    (1) ☐ subtenants.
    (2) ☐ assignees.
    (3) ☑ other *(specify):* **any and all others illegally in possession**

d. ☑ The agreement was later changed as follows *(specify):*
    Rent was adjusted to $1,376.69.

e. ☑ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

f. ☐ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☑ a. Defendant *(name each):*
    Victorio Campos

    was served the following notice on the same date and in the same manner:
    (1) ☐ 3-day notice to pay rent or quit    (4) ☐ 3-day notice to perform covenants or quit
    (2) ☐ 30-day notice to quit    (5) ☐ 3-day notice to quit
    (3) ☐ 60-day notice to quit    (6) ☑ Other *(specify):* 3-Day Notice to Cure or Quit

b. (1) On *(date):* 12-23-2020    the period stated in the notice expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.

c. All facts stated in the notice are true.

d. ☐ The notice included an election of forfeiture.

e. ☑ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*

f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8. a. ☑ The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) ☐ by personally handing a copy to defendant on *(date):*
    (2) ☐ by leaving a copy with *(name or description):*
    a person of suitable age and discretion, on *(date):*    at defendant's
    ☐ residence ☐ business  AND mailing a copy to defendant at defendant's place of residence on
    *(date):*    because defendant cannot be found at defendant's residence or usual
    place of business.
    (3) ☑ by posting a copy on the premises on *(date):* 12-18-20  ☑ AND giving a copy to a
    person found residing at the premises AND mailing a copy to defendant at the premises on
    *(date):* 12-18-020
        (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
        (b) ☑ because no person of suitable age or discretion can be found there.
    (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date):*
    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

b. ☐ *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.

c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

**COMPLAINT—UNLAWFUL DETAINER**

| PLAINTIFF *(Name):* 1169 Palms LLC | CASE NUMBER: |
|---|---|
| DEFENDANT*(Name):* Victorio Campos | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☐ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $

11. ☑ The fair rental value of the premises is $ 105.00               per day.

12. ☑ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☐ A written agreement between the parties provides for attorney fees.

14. ☑ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Los Angeles Rent Stabilization Ordinance, Chapter XV

Plaintiff has met all applicable requirements of the ordinances.

15. ☑ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**

a. possession of the premises.
b. costs incurred in this proceeding:
c. ☐ past-due rent of $
d. ☐ reasonable attorney fees.
e. ☑ forfeiture of the agreement.

f. ☑ damages at the rate stated in item 11 from *(date):* December 24, 2020               for each day that defendants remain in possession through entry of judgment.

g. ☑ statutory damages up to $600 for the conduct alleged in item 12.

h. ☐ other *(specify):*

18. ☑ Number of pages attached *(specify):* 9

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

19. *(Complete in all cases.)* An unlawful detainer assistant ☑ did **not** ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

a. Assistant's name:
b. Street address, city, and zip code:

c. Telephone No.:
d. County of registration:
e. Registration No.:
f. Expires on *(date):*

Date: December 24, 2020

Rosario Perry
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Please see attached verification
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF )

## VERIFICATION

I, Steven Schwartz as Manager of 1169 Palms, LLC, am the Plaintiff in the above-entitled

proceeding. I have read the foregoing Unlawful Detainer Complaint and know its contents.

I declare under penalty of perjury, under the laws of the State of California, that the same is true

and correct to my own knowledge.

Executed on December 24, 2020, at Santa Monica, CA.

1169 Palms, LLC

a California limited liability company

By: _____

Name:  Steven Schwartz

Its:    Manager

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| 1169 Palms LLC v. Victorio Campos, et al. | |

ATTACHMENT *(Number)*: 15

*(This Attachment may be used with any Judicial Council form.)*

Plaintiff applied for a Tenant habitability Plan (THP) in August 2020. The plan was needed because Plaintiff needed to make substantial repairs to Defendant's unit. As part of the THP application process, Plaintiff had to rent a comparable apartment to Defendant's current apartment, on Defendant's behalf. This pre-rental of the comparable apartment was required under the City's Regulations dealing with processing a THP. Thus, Plaintiff was required to pay rent on the comparable unit starting August 31, 2020. The city requires that the unit be ready for the Defendant's use as soon as the THP is approved. The comparable unit's address is 12716 Venice Blvd., Unit 3, Los Angeles, CA 90066. Furthermore, and as Defendant knows, the offered unit has been completely renovated and in much greater condition than Defendant's unit.

The THP was approved on or around September 10, 2020. The plan provided for start of construction to begin on November 11, 2020 and a completion date of November 11, 2021.

Defendant appealed the approval of the THP and the matter was heard, as an administrative hearing, on November 10, 2020 by Angela Shaw, Hearing Officer (hereinafter "HO").

The HO found that the THP submitted by Plaintiff meets the requirements per RAC Requirements 713.03.1 for the proposed Primary renovation work and that the temporary accommodation is comparable to Defendant's unit.

The THP was formally approved by the City Hearing Officer on November 20, 2020. Plaintiff then served Defendant with a copy of the approved THP and a 15 Day Notice setting a new construction starting date as December 16, 2020.

Defendant did not relocate to 12716 Venice Blvd., Unit 3, Los Angeles, CA 90066 within the time provided under the 15 Day Notice, attached hereto as Exhibit "4".

On December 18, 2020, Defendant was served with a 3 Day Notice to Cure or Quit for failure to temporarily vacate 1809 Penmar Avenue, Venice. Defendant failed to comply with that notice and remains in possession of the subject property.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___1___ of ___1___

*(Add pages as required)*

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

*Greg Campos*

# MONTHLY RENTAL AGREEMENT

392-9714

THIS LEASE is made on the   1ST day of   JULY   19 98

The Landlord hereby agrees to lease to the Tenant, and the Tenant hereby agrees to lease from the Landlord, the Leased Premises described below pursuant to the terms and conditions specified in this agreement:

LANDLORD   DURLEY PARK MGT.   TENANT(S):   GREG CAMPOS

Address:   1169 PALMS BLVD.   Address:   1809 PENMAR AVE.

VENICE, CA   90291   VENICE, CA   90291

**1. Leased Premises.** The Leased Premises are those premises described as
1809 PENMAR AVE.   VENICE, CA   90291

**2. Term.** Term of the Lease shall be a month-to-month tenancy beginning on the   1ST day of   JULY   19 98   .

**3. Termination.** Either Landlord or Tenant may terminate the Lease at any time by giving the other party at least one full month's prior written notice.

**4. Rent.** The monthly rental amount for the Leased Premises is $ 700.00   per month. The rent payment must be paid on the first day of the month at the Landlord's address listed above. The first month's rent is to be paid when Tenant signs this lease. Landlord need not give notice to Tenant regarding Tenant's obligation to pay rent.

**5. Security Deposit.** The Tenant shall make a security deposit of $ -0- to Landlord in order to ensure that Tenant complies with all terms and conditions of the Lease. If Tenant fully complies, Landlord will return the security deposit within

N/A   week(s) after the date Tenant delivers possession of the Leased Premises to Landlord. If Tenant does not fully comply with the terms of the Lease, Landlord may use the security to pay amounts owed by Tenant, including damages.

**6. Occupants.** The Leased Premises shall be occupied by the following persons only:

GREG CAMPOS

**7. Repairs.** Tenant must take good care of the Leased Premises and all equipment and fixtures contained therein. Tenant is responsible and liable for all repairs, replacements and damages caused by or required as a result of any acts or neglect of Tenant, Occupants, invitees or guests. If Tenant fails to make a needed repair or replacement, Landlord may do it and add the expenses to the rent.

**8. Alterations.** Tenant must have Landlord's prior written consent to paint or wallpaper the Leased Premises or to install any paneling, flooring, partitions, railings or make any other alterations. Tenant must not alter the plumbing, ventilation, air conditioning, heating or electric systems. All the alterations, installations and improvements shall become property of the Landlord when completed, and shall be surrendered as part of the Leased Premises at the end of the term. Landlord is not required to pay for any of the work performed under this section unless Landlord has agreed to pay in writing.

**9. Maintenance of Leased Premises.** Tenant shall maintain the premises in a clean and sanitary condition at all times. At the end of the term, Tenant will leave the Leased Premises clean and in good condition, ordinary wear and tear excepted. Tenant shall remove all Tenant's belongings at the end of the term.

**10. Assignment/Subletting Restrictions.** Tenant may not assign this agreement or sublet the Leased Premises without the prior written consent of the Landlord.

**11. Utilities/Services.** Tenant is responsible for the payment of all utilities and services, except for the following:
UTILITIES PAID BY LANDLORD
which shall be paid by Landlord.

**12. Landlord's Right to Enter.** Landlord may, at reasonable times, enter the Leased Premises to inspect it, to make repairs or alterations, and to show it to potential buyers, lenders or tenants.

**13. Pets.** Tenant may not bring or keep pets in the Leased Premises without the prior written consent of the Landlord.

**14. Laws and Regulations.** Tenant must, at Tenant's expense, comply with all laws, regulations, ordinances and requirements of all municipal, state and federal authorities that are effective during the term of the lease agreement, pertaining to the use of the premises. Tenant must not do anything that increases the Landlord's insurance premium.

**15. Default/Abandonment.** If Tenant defaults in the payment of rent or any other term or condition of this Lease, Landlord may give Tenant written notice to cure such default. If Tenant fails to cure such default within _____ days of receiving notice, Landlord may elect to terminate the Lease, re-enter the Leased Premises and remove the Tenant, all other occupants and their possessions.

If Tenant abandons or vacates the Leased Premises during the Term of this Lease, Landlord may elect to re-enter the premises, without liability for prosecution or owing damages to Tenant, and, at his option, relet the Leased Premises. If Landlord opts not to relet the Leased Premises, Tenant shall be liable for the remainder of the rent due under the L...



EXHIBIT
1

**18. Binding Obligations and Entire Agreement.** This lease agreement is binding on Landlord and Tenant and those that lawfully succeed to their rights or take their place. Tenant and Landlord have both read this lease and affirm that this lease contains the entire and only agreement between the parties.

**19. Joint and Several Obligations.** If more than one person signs this Lease as a Tenant, the obligations of all Tenants shall be joint and several, with each Tenant assuming full liability for all of the obligations under this Agreement.

**20. Additional Terms and Conditions Agreed to by Both Parties:**

21.   VALUE OF UNIT $780.00

22.   RENTED "AS IS".

23.   STOVE, REFRIGERATOR INCLUDED IN UNIT.

*Stove & refrigerator belong to tenant*

This lease is effective when Landlord delivers a copy signed by all parties to the Tenant. The parties have signed this agreement in duplicate the day and year written above.

_____ *Irene Howard* _____
                                        (Landlord or Landlord's Authorized Agent)

_____ _____
                                        (Tenant)

_____ _____
                                        (Tenant)

Read the instructions and other important information on the package. When using this form you will be acting as your own attorney since Rediform, its authorized and retailers do not render legal advice or services. Rediform, its authors and retailers assume no liability for loss or damage resulting from the use of this form.



CALIFORNIA
ASSOCIATION
OF REALTORS®

**TENANT ESTOPPEL CERTIFICATE**
(C.A.R. Form TEC, Revised 4/11)

Tenant: _Victoria J Amuti_
Premises: _1809 Penmar Avenue, Venice, CA 90291_

To whom it may concern: The undersigned is the Tenant of the above premises and makes the following representations:
1. **LEASE TERMS:**
   A. ( ☐ If checked) A copy of the Lease is attached hereto.
   B. Date of the Lease _____
   C. Name of the current Landlord: _____
   D. Name of the current Tenant: _____
   E. Current monthly base rent: $ _____ , paid through _____
   F. Security deposit: $ _____   Other deposits: $ _____
   G. Expiration date of current term: _____

   H. Number and Location of Parking Spaces: _____
   I. Number and Location of Storage Spaces: _____
   J. Who pays utilities services, Water: ☐ Landlord ☐ Tenant; Electric: ☒ Landlord ☐ Tenant; Gas: ☒ Landlord ☐ Tenant; Waste Disposal: ☒ Landlord ☐ Tenant; Gardener: ☐ Landlord ☐ Tenant; Sewer: ☐ Landlord ☐ Tenant; Other: _____ ☐ Landlord ☐ Tenant; Other: _____ ☐ Landlord ☐ Tenant.
   K. Who owns appliances: Stove: ☐ Landlord ☒ Tenant; Refrigerator: ☐ Landlord ☒ Tenant; Washer/Dryer: ☐ Landlord ☐ Tenant; Microwave: ☐ Landlord ☒ Tenant; Other: _____ ☐ Landlord ☐ Tenant.
2. The Tenant represents that the original Lease remains in full force and effect and constitutes the entire agreement between Tenant and Landlord, except for the following modifications, amendments, addendums, assignments, extensions, and/or preferential rights or options to purchase/lease:

   _____
   There are no verbal or written agreements or understandings between Landlord and Tenant with respect to the Premises, except as set forth above.
3. Tenant is the actual occupant and is in possession of the Leased Premises. Tenant has not assigned, transferred or hypothecated its interest under the Lease. Any construction, build-out, improvements, alterations, or additions to the Premises required under the Lease have been fully completed in accordance with the plans and specifications described in the Lease.
4. All obligations of Landlord under the Lease have been fully performed and Landlord is not in default under any term of the Lease. Tenant has no defenses, off-sets or counterclaims to the payment of rent or other amounts due from Tenant to Landlord under the Lease.
5. Tenant has not been given any free rent, partial rent, rebates, rent abatements, or rent concessions of any kind, except as follows:

   _____
6. Tenant has not filed and is not the subject of any filing for bankruptcy or reorganization under federal bankruptcy laws or similar state laws.
7. Tenant represents that Tenant: (a) is not in default of the performance of any obligations under the Lease, (b) has not committed any breach of the Lease, and (c) has not received any notice of default under the Lease, which has not been cured.
8. The correct address for notices to Tenant is the Premises above unless otherwise specified in writing.
9. The person signing below represents that he/she is duly authorized by Tenant to execute this Statement in Tenant's behalf.
10. Tenant understands that: (a) a lender may make a loan secured in whole or part by the Premises, and that if Lender does so, Lender's action will be in material reliance on this Estoppel Certificate; and/or (b) a buyer may acquire the Premises or the building in which the Premises is located, and if buyer completes the purchase, buyer will do so in material reliance on this Estoppel Certificate.

Date: _July 8 20__          _____
                            Tenant

                            _____
                            Tenant

                            By _Burley Park Mgt_          Title
Receipt Acknowledged       Landlord or Manager:
Date: _____         _Cleo Stewart_          _Sec/Tnas_
                            By                     Title

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1990-2011 CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

| Reviewed by | | Date | |

**TEC REVISED 4/11 (PAGE 1 OF 1)**

**TENANT ESTOPPEL CERTIFICATE (TEC PAGE 1 OF 1)**

Coldwell Banker, 1408 Montana Ave Santa Monica, CA 90403          Phone: 310-562-9485   Fax: 310-398-7479   1109 Palon Blvd.
Richard Beasley          Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

312 PICO BLVD.   SANTA MONICA, CA 90405
TEL 310 394 9831   FAX 310 388 5733   EMAIL ROSARIO@OCEANLAW.COM

ROSARIO PERRY, A PROFESSIONAL LAW CORPORATION

**DECEMBER 18, 2020**

Victorio Campos
1809 Penmar Avenue
Venice, CA 90291

**THREE (3) DAY NOTICE TO CURE OR QUIT**
**LAMC 151.09(A) (3) and (9)**
**This notice is being served on December 18, 2020 from Venice, California.**

**Re: Conduct In Violation of the THP and Los Angeles Municipal Code Code ("LAMC") -
Refusal to Temporarily Relocate. This letter is sent pursuant to LAMC § 151 et seq.; Code of
Civil Procedure ("CCP") § 1161(4); and Civil Code 1940.2 (c).**

Dear Victorio Campos (hereinafter "Tenant") and all others in possession:

I represent the owner of the property where you live (hereinafter referred to as "Housing Provider" or
("HP"). This letter is sent at the direction of the HP.  This notice is a required notice under **Los Angeles
Municipal Code ("LAMC") §§ 151 et seq.** Tenant has 3 days to cure the violation, furthermore that a
failure to cure may result in the initiation of eviction proceedings against Tenant, and any
subtenants in possession.

This notice rescinds the 3 Day Notice dated December 17, 2020 in full. I am not substituting this
Notice in its place.

LAMC Section 151.09 (A) provides the enumerated grounds for HP to evict a tenant.

LAMC Section 151.09 (A)(3) states in pertinent part:

> *"The tenant is … creating an unreasonable interference with the comfort, safety,
> or enjoyment of any of the other residents of the rental complex …"*

LAMC Section 151.09 (A)(9) states:

> *"The landlord, having complied with all applicable notices and advisements
> required by law, seeks in good faith to recover possession so as to undertake
> Primary Renovation Work of the rental unit or the building housing the rental
> unit, in accordance with a Tenant Habitability Plan accepted by the Department,
> and the tenant is unreasonably interfering with the landlord's ability to implement*

Page |


EXHIBIT
2

312 PICO BLVD.   SANTA MONICA, CA 90405
TEL 310 394 9831   FAX 310 388 5733   EMAIL ROSARIO@OCEANLAW.COM

> the requirements of the Tenant Habitability Plan by engaging in any of the
> following actions:
>
> a.   The tenant has failed to temporarily relocate as required by the accepted
>       Tenant Habitability Plan; or
> b. The tenant has failed to honor a permanent relocation agreement with the
> landlord pursuant to Section 152.05 of this Code."

The Facts concerning this Notice are as follows:

1.  HP applied for a Tenant habitability Plan (THP) in August 2020. The plan was needed
    because HP needed to make substantial repairs to Tenant's unit. As part of the THP
    application process, HP had to rent a comparable apartment to Tenant's current apartment, on
    Tenant's behalf. This pre-rental of the comparable apartment was required under the City's
    Regulations dealing with processing a THP. Thus, HP was required to pay rent on the
    comparable unit starting August 31, 2020. The city requires that the unit be ready for the
    Tenant's use as soon as the THP is approved. The comparable unit's address is 12716 Venice
    Blvd., Unit 3, Los Angeles, CA 90066. Furthermore, and as Tenant knows, the offered unit
    has been completely renovated and in much greater condition than Tenant's unit.

2.  The THP was approved on or around September 10, 2020. The plan provided for start of
    construction to begin on November 11, 2020 and a completion date of November 11, 2021.

3.  On September 17, 2020, the City received a Declaration of Service from HP indicating all
    tenants were served the required THP documents in accordance with RAC Regulations.

4.  Tenant appealed the approval of the THP and the matter was heard, as an administrative
    hearing, on November 10, 2020 by Angela Shaw, Hearing Officer (hereinafter "HO").

5.  HO found that the THP submitted by HP meets the requirements per RAC Requirements
    713.03.1 for the proposed Primary renovation work and that the temporary accommodation is
    comparable to Tenant's unit.

6.  The THP was formally approved by the City Hearing Officer on November 20, 2020. HP
    then served Tenant with a copy of the approved THP and a 15 Day Notice setting a new
    construction starting date as December 16, 2020.

7.  On December 16, 2020, HP inspected the subject property and conclusively determined that
    Tenant remains in possession.

8.  Tenant's refusal to relocate to 12716 Venice Blvd., Unit 3, Los Angeles, CA 90066 on or
    before Tuesday, December 15, 2020 is a breach of the terms and conditions of the THP. As
    such Tenant is violating the City's Rent Stabilization Law.

Page 2

312 PICO BLVD.   SANTA MONICA, CA 90405
TEL 310 394 9831   FAX 310 388 5733   EMAIL ROSARIO@OCEANLAW.COM

9. This notice is being served by HP, in HP's attempt to recover possession in good faith so as to undertake Primary Renovation Work of Tenant's rental unit, in accordance with a Tenant Habitability Plan accepted by the City. The Tenant is unreasonably interfering with the HP's ability to implement the requirements of the Tenant Habitability Plan by failing to temporarily relocate as required by the accepted Tenant Habitability Plan; and/or, at Tenant's election, to collect permanent relocation.

**Tenant's conduct in not temporarily vacating his apartment unit at 1809 Penmar Avenue Venice, CA 90291 is a violation of LAMC 151.09(A)(3) and (9).**

Tenant is hereby notified that, within three days after the date of service upon Tenant of a copy of this notice, Tenant is required to:

### EITHER

Temporarily relocate to the apartment at 12716 Venice Blvd., Unit 3, Los Angeles, CA 90066 so that HP can begin needed repairs to the building where you live, by contacting SHS Management at tele (310) 453-4255 and telling them you will temporarily relocate pursuant to the approved Means and Method Plan,

### OR

Quit and deliver up possession of the premises to the undersigned.

IF Tenant fails to either temporally vacate Tenant's unit, or quit possession of the premises within three days after the date of service of a copy of this notice, legal proceedings will be instituted for possession of the premises, for forfeiture of the rental agreement, for statutory damages, and such other damages and court costs as may be allowed by law. Housing Provider elects to declare the forfeiture of your rental agreement.

Sincerely,

Rosario Perry
**Attorney for Housing Provider**

Page 3

# 1169 PALMS LLC

**1910 MONTANA AVENUE**, SANTA MONICA, CA 90403
310 453 4355
NOVEMBER 25, 2020 12:36 PM

Notice of **Temporary Vacate Date Under Tenant Habitability Plan**

Victorio Campos
1809 Penmar
Los Angeles, CA 90291

**Re: Official Notice of Start Date on THP. Victorio Campos Notice of 15 Day Temporary Move Out
Date For 1809 Penmar Avenue, Venice.**

**Dear Mr. Campos:**

I am sending this official notice to you. Enclosed is a copy of the Decision in the THP Appeal you filed.
Please note that the THP plan was approved by the City. The City has directed us to set a new start date
for construction, and you will have 15 thereafter to temporarily vacate. As this notice is being served on
you on Wednesday November 25, 2020, the start date will be Monday, November 30, 2020. You must
temporarily vacate to 12716 Venice Blvd., Unit 3, Los Angeles, CA 90066 on or before Tuesday,
December 15, 2020. We are ready to pay you for reasonable moving expenses of your possessions, or we
will hire someone to move you. Please let us know which you prefer. You must have all your possession
out of your unit by December 15, 2020.

Note Finding #7 on page 5 and wording on page 4 of the Decision, states as follows:
> *"7. Tenant will be provided notification of a new starting date and the work will begin 15
> days afterward"*

See also page 4 last two lines which state:
> *"Tenant will be provided notification f a new starting date and the work will begin 15 days
> afterward."*

Please pay attention to the noticed date of December 15, 2020, because if you do not obey the 15 day
temporary move date, we will be required to enforce the THP plan via an unlawful detainer action.

1169 Palms LLC
By: Its Manager

**EXHIBIT**
**4**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**COURTHOUSE ADDRESS:**

Santa Monica Courthouse

1725 Main Street, Santa Monica, CA 90401

**FILED**
Superior Court of California
County of Los Angeles

12/24/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Guadian _____ Deputy

**PLAINTIFF(S):**

1169 Palms LLC

**DEFENDANT(S):**

Victorio Campos

## NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE

**CASE NUMBER:**

20SMUD00935

Case is assigned for all purposes to the judicial officer indicated below.  Notice given to Plaintiff / Cross-Complainant / Attorney of Record on _____ 12/24/2020 _____.

| ASSIGNED JUDGE | DEPARTMENT | ROOM |
|---|---|---|
| Lisa K Sepe-Wiesenfeld | S | |

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Guadian _____, Deputy Clerk

### Instructions for Handling Limited Civil Cases

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.
**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2© thereof.
**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 2.5 control the timing of Code of Civil Procedure section 170.6 challenges.
**TIME STANDARDS: The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110.)  Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)**
Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:
**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.
**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint.  A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50.)
**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed.  Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed.  The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.
**NOTICED MOTIONS**: All regularly noticed motions will be calendared through the assigned department.  Each motion date must be separately reserved and filed with appropriate fees for each motion.  Motions for Summary Judgment must be identified at the time of reservations.  All motions should be filed in the clerk's office.
**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom.
**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims.  The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

### NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE

LACIV ____ 001 (Rev. [03/17)
LASC Approved 09-04

Electronically FILED by Superior Court of California, County of Los Angeles on 12/24/2020 08:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Guadian,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Rosario Perry, SBN 55061; Vano D. Abesadze, SBN 316489<br>Rosario Perry, a Professional Law Corporation<br>312 Pico Blvd., Santa Monica, CA 90405 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 310-394-9831      FAX NO. *(Optional)*:<br>ATTORNEY FOR *(Name)*: 1169 Palms LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica 90401
BRANCH NAME: West District

CASE NAME:
1169 Palms LLC v. Victorio Campos, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| Unlimited      [x] Limited<br>(Amount              (Amount<br>demanded        demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | 20SMUD00935 |
|  |  | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [x] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve                courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence              court
                                                           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: One (1)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 24, 2020

Rosario Perry
_____
*(TYPE OR PRINT NAME)*                                     ▶  _____
                                                              *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that fall under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
   Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment (non-domestic relations)
   Sister State Judgment
   Administrative Agency Award (not unpaid taxes)
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
   Declaratory Relief Only
   Injunctive Relief Only (non-harassment)
   Mechanics Lien
   Other Commercial Complaint Case (non-tort/non-complex)
   Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: 1169 Palms LLC v. Victorio Campos, et.al. | CASE NUMBER: 20SMUD00935 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

|  | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: 1169 Palms LLC v. Victorio Campos, et al. | | CASE NUMBER | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☒ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: 1169 Palms LLC v. Victorio Campos, et al | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: 1169 Palms LLC v. Victorio Campos, et al. | CASE NUMBER 20SMUD00935 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. (✓ 6.) 7. 8. 9. 10. (✓ 11) | ADDRESS: 1809 Penmar Avenue |
|---|---|
| CITY Venice | STATE CA | ZIP CODE 90291 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___West___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: December 24, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4



Civil Case Co....pdf (3.0 MB)  Complaint.pdf (4.6 MB)

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/24/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: M. Guadian, Deputy |
| PLAINTIFF(S):<br>1169 Palms LLC | |
| DEFENDANT(S):<br>Victorio Campos | |
| **NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE** | CASE NUMBER:<br>20SMUD00935 |

Case is assigned for all purposes to the judicial officer indicated below.  Notice given to Plaintiff / Cross-Complainant / Attorney of Record on _____ 12/24/2020 _____ .

| ASSIGNED JUDGE | DEPARTMENT | ROOM |
|---|---|---|
| Lisa K Sepe-Wiesenfeld | S | |

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Guadian _____ , Deputy Clerk

### Instructions for Handling Limited Civil Cases

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.

**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2© thereof.

**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 2.5 control the timing of Code of Civil Procedure section 170.6 challenges.

**TIME STANDARDS: The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110.)  Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)**

Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint.  A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50.)

**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed.  Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed.  The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.

**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department.  Each motion date must be separately reserved and filed with appropriate fees for each motion.  Motions for Summary Judgment must be identified at the time of reservations.  All motions should be filed in the clerk's office.

**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom.

**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims.  The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

Electronically FILED by Superior Court of California, County of Los Angeles on 12/24/2020 02:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Guadian,Deputy Clerk

**UD-101**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Rosario Perry, SBN 55061 | | |
| FIRM NAME: Rosario Perry, A Professional Law Corporation | | |
| STREET ADDRESS: 312 Pico Blvd. | | |
| CITY: Santa Monica    STATE: CA    ZIP CODE: 90405 | | |
| TELEPHONE NO.: 310-394-9831    FAX NO.: | | |
| E-MAIL ADDRESS: rosario@oceanlaw.com | | |
| ATTORNEY FOR (name): 1169 Palms LLC | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica 90401
BRANCH NAME: West District

PLAINTIFF: 1169 Palms LLC

DEFENDANT: Victorio Campos; DOES 1 to 10

| PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER | CASE NUMBER: 20SMUD00935 |
|---|---|

For action filed (check one):

☐ before October 5, 2020

☒ on October 5, 2020, or later

*A plaintiff filing a complaint for unlawful detainer, or requesting any court action in an unlawful detainer proceeding filed before October 5, 2020, must complete all sections of this form applicable to the action. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).*

- *Serve this form with the summons.*
- *If a summons has already been served, then serve by mail or any other means of service authorized by law.*
- *If defendant has already answered, there is no requirement for defendant to respond to the supplemental allegations before trial.*

1. PLAINTIFF (name each):
   1169 Palms LLC

   alleges causes of action in the complaint filed in this action against DEFENDANT (name each):
   Victorio Campos; DOES 1 to 10

2. **Statutory cover sheet allegations** (Code Civ. Proc., § 1179.01.5(c))

   a. This action seeks possession of real property that is (check all that apply):  ☒ Residential    ☐ Commercial
      *(If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification.)*

   b. This action is based, in whole or in part, on an alleged default payment of rent or other charges.  ☐ Yes  ☒ No

3. **Tenants subject to COVID-19 Tenant Relief Act of 2020** (Code Civ. Proc., § 1179.02(h))

   a. (1) One or more defendants in this action is a natural person:  ☒ Yes    ☐ No
      (2) Identify any defendant not a natural person:
      *(If no is checked, then no further items need to be completed except the signature and verification.)*

   b. (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b).  ☒ Yes    ☐ No
      (2) Identify any defendant who does not:
      *(If yes is checked, then no further items need to be completed except the signature and verification.)*

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [New October 5, 2020]

PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER

Code of Civil Procedure, § 1179.01 et seq;
www.courts.ca.gov

| | **UD-101** |
|---|---|
| PLAINTIFF: 1169 Palms LLC | CASE NUMBER: |
| DEFENDANT: Victorio Campos; DOES 1 to 10 | |

**4.   Federal law allegations**

a.   *(Complete this item if action filed before December 31, 2020)* Defendant ☐ has ☒ has not   provided a statement under penalty of perjury for the Centers for Disease Control and Prevention's order for *Temporary Halt in Evictions to Prevent Further Spread of COVID-19* (85 Federal Register 55292). *(Note to plaintiff: Proceeding in violation of the federal order may result in civil or criminal penalties.)*

b.   This action ☐ does ☒ does not   seek possession of a dwelling unit in property that has a federally backed multifamily mortgage for which forbearance has been granted under title 15 United States Code section 9057.

    (1)   Date forbearance began

    (2)   Date forbearance ended

**5.   ☐   Unlawful detainer notice expired before March 1, 2020**
The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. *(If this is the only basis for the action, no further items on this form need to be completed except the signature and verification on page 4. (Code Civ. Proc., § 1179.03.5(a)(1).))*

**6.   ☐   Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**
The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. *(Check all that apply.)*

a.   ☐   Defendant *(name each):*

was served the "Notice from the State of California" required by Code of Civil Procedure section 1179.04, and if more than one defendant, on the same date and in the same manner. *(Provide information regarding service of this notice in item 8 below.)*

b.   ☐   One or more defendants was served with the notice in item 6a on a different date or in a different manner, which service is described in attachment 8c.

c.   ☐   Defendant *(name each):*

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).

    *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

    *(If filing form UD-100 with this form and item 6c is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

d.   Response to notice *(check all that apply):*

    (1)   ☐   Defendant *(name each):*

    delivered a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

    (2)   ☐   Defendant *(name each):*

    did *not* deliver a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

**7.   ☐   Rent or other financial obligations due between September 1, 2020, and January 31, 2021 (the transition time period)**
The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period.

a.   ☐   Defendant *(name each):*

was served the "Notice from the State of California" required by Code of Civil Procedure section 1179.04, and if more than one defendant, on the same date and in the same manner. *(Provide information regarding service of this notice in item 8 below.)*

    **PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**    

UD-101

| PLAINTIFF:  1169 Palms LLC | CASE NUMBER: |
| DEFENDANT:  Victorio Campos; DOES 1 to 10 | |

7.  b. ☐  One or more defendants was served with the notice in item 7a on a different date or in a different manner, which service is described in attachment 8c.

c. ☐  Defendant (name each):

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19-related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d).

> (If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))

> (If filing form UD-100 with this form and item 6c is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)

d. Response to notice (check all that apply):

(1) ☐  Defendant (name each):

delivered a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

(2) ☐  Defendant (name each):

did not deliver a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).))

e. ☐  Rent due (complete only if action filed after January 31, 2021):

(1) Rent in the amount  of $       was due between September 1, 2020 and January 31, 2021

(2) Payment of $       for that period was received by January 31, 2021.

8.  **Service of Code of Civil Procedure Section 1179.04 Notice From the State of California** (check all that apply)

a. ☐  The notice identified in item 6a and 7a was served on the defendant named in those items as follows:

(1) ☐  By personally handing a copy to defendant on (date):

(2) ☐  By leaving a copy with  (name or description):
a person of suitable age and discretion, on (date):       at defendant's
☐ residence   ☐ business   AND mailing a copy to defendant at defendant's place of residence.

(3) ☐  By posting a copy on the premises on  (date):
AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on (date):

(a) ☐  because defendant's residence and usual place of business cannot be ascertained OR

(b) ☐  because no person of suitable age or discretion can be found there.

(4) ☐  By sending a copy by mail addressed to the defendant on  (date):

b. ☐  (Name):
was served on behalf of all defendants who signed a joint written rental agreement.

c. ☐  Information about service of notice on the defendants alleged in items 6b and 7b is stated in Attachment 8c.

d. ☐  Proof of service of the notice or notices in items 6a, 6b, 7a, and 7b is attached to this form and labeled Exhibit 1.

9. ☐  **High-income tenant.** The 15-day notice in item 6c or 7c above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

a. ☐  The tenant did not deliver a declaration of COVID-19–related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

b. ☐  The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

   **PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**   

**UD-101**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF:  1169 Palms LLC | |
| DEFENDANT:  Victorio Campos; DOES 1 to 10 | |

10. [x]  **Just cause eviction.** (*Only applicable if action is filed before February 1, 2021. Note: If the tenancy is subject to the Tenant Protection Act of 2019 (including Civil Code section 1946.2), plaintiff must, if using form UD-100, complete item 8 on that form in addition to this item.*)

   a. [x]  The tenancy identified in the unlawful detainer complaint in this action was terminated for at-fault just cause as defined in Civil Code section 1946.2(b)(1), which reason is in the notice of termination. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(i).)

   b. [ ]  The tenancy identified in the unlawful detainer complaint in this action was terminated for no-fault just cause as defined in Civil Code section 1946.2(b)(2), which reason is in the notice of termination. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(ii).) (*Complete (1) or (2) below, only if applicable.*)

      (1) [ ]  The no-fault just cause is the intent to demolish or substantially remodel, which [ ] is [ ] is not necessary to comply with codes, statutes, or regulations relating to the habitability of the rental units. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(ii).)

      (2) [ ]  The tenancy identified in the complaint in this action was terminated because the owner of the property has entered into a contract with a buyer who intends to occupy the property and the property [ ] does [ ] does not meet all the requirements of Civil Code section 1946.2(e)(8). (Code Civ. Proc., § 1179.03.5(a)(3)(A)(ii)(II).)

   c. [ ]  This action is based solely on the cause of termination checked in item 10a or b above, and is not for nonpayment of rent or other financial obligations. (*If this item applies, plaintiff may not recover any rental debt due from the period between March 1, 2020, and January 31, 2021, as part of the damages in this action. (Code Civ. Proc., § 1179.03.5(a)(3)(B).)*)

11. [ ]  **Rent or other financial obligations due after January 31, 2021.** (*Only applicable if action is filed on or after February 1, 2021.*) The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after January 31, 2021.

12. [ ]  Number of pages attached (*specify*):

Date: December 24, 2020

Rosario Perry
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

(*Use a different verification form if the verification is by an attorney or for a corporation or partnership.*)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 24, 2020

Steven Schwartz
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE)

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**