**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | | |
|---|---|---|
| Case No. | **CV 21-5625-JFW(KSx)** | Date: February 7, 2022 |
| Title: | Victorio Campos -v- 1169 Palms LLC, et al. | |

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE**

    On December 31, 2021, Plaintiff Victorio Campos ("Plaintiff") filed a First Amended Complaint ("FAC") against Defendants 1169 Palms, LLC, Penmar/Palms LLC, Rosario Perry, Rosario Perry, a Professional Law Corporation, and Steven H. Schwartz (collectively, "Defendants").  The FAC alleges the following claims: (1) violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq;* (2) violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12955(a); (3) violation of the Los Angeles City Eviction Moratorium, Ordinance Nos.186585 and 186606; (4) wrongful eviction, Cal. Civ. Code §§ 1946.2 and 1947.12; (5) abuse of process; (6) violation of the Los Angeles Tenant Anti-Harassment Ordinance, Los Angeles Tenant Anti-Harassment Ordinance Section 45.33; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; (9) violation of the Ellis Act, Cal. Gov. Code § 7060.4; (10) quiet title (leasehold interest); (11) specific performance; (12) declaratory relief; (13) breach of the implied covenant of quiet enjoyment, Cal. Civ. Code §1927; (14) violation of the Civil Rights Act of 1866; (15) violation of the Tenant Habitability Program (LAMC Sec. 152, *et seq.*); and (16) retaliation (Cal. Civ. Code § 1940.35).  Plaintiff alleges that this Court has jurisdiction over this action under 28 U.S.C. §1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

    28 U.S.C. § 1367(a) provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855-56 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)).

Under 28 U.S.C. § 1367(c), the Court may decline supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

In this case, Plaintiff's state law claims appear to substantially predominate over the Fair Housing Act and the Civil Rights Act of 1866 claims, which are the sole claims over which the Court has original jurisdiction.  Accordingly, the Court orders Plaintiff to show cause in writing why the Court should not decline to exercise supplemental jurisdiction over the state law claims alleged in the FAC. Plaintiff shall file its response to this Order to Show Cause no later than **February 10, 2022.**  The failure to file an adequate response by February 10, 2022 will result in the imposition of sanctions, including dismissal of the state law claims without prejudice.

IT IS SO ORDERED.